[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Charles J. Rajewski claims that the assessment by the Town of Preston for October 1, 1991, October 1, 1992, and October 1, 1993, on thirteen lots, with two buildings, was excessive.
As of October 1, 1987, all thirteen lots were raw land. After a subdivision plan was approved in 1988, and after two buildings were built, the assessments changed.
As of October 1, 1991, October 1, 1992, and October 1, 1993, the valuation for the eleven vacant lots totaled $432,000, with the assessed valuation at 70% being $302,400. Similarly the total valuation for the two lots with buildings was $349,800, with the assessed valuation at 70% being $267,260.
While the real estate market declined by 1981, 1982 and 1983, the law requires that the valuations relate back to the last revaluation date of October 1, 1987.
The one area where the court finds the assessments to be excessive is the property on the west side of Tanglewood Lane.
The six lots (Lots 137, 138, 139, 140, 141 and 142) on the west side of Tanglewood Lane are on a grade, which would require expensive fill before houses can be built, varying from $18,000 to $30,000 per lot. The town, in using a standardized format, failed to take into consideration the additional expense for such lots. Wherefore the total valuation for such lots is reduced by CT Page 9935 $90,000, which makes the assessment for such lots, at 70%, reduced by $63,000.
As to the remaining property, the Court realizes that the recession brought on a serious reduction in property values, but by law the proper assessments must relate back to the economy of October 1, 1987.
Judgment may enter reducing the assessments for October 1, 1991, October 1, 1992, and October 1, 1993 by $63,000 each year. No costs to either party.
Douglas B. Wright State Trial Referee